UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CHEYENNE SAMU,

Plaintiff,

- against -

**COMPLAINT**

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT,
MARK A. VAZQUEZ Individually,
RASHAWN WILLIAMS, Individually

**Jury Trial Demanded**

Defendants.
----------------------------------------------------------------X

Plaintiff CHEYENNE SAMU, by her attorneys, CAMPANELLI & ASSOCIATES, P.C., as and for her complaint, respectfully alleges as follows:

## I. Introduction

1. The plaintiff, Cheyenne Samu, brings this action to seek redress for the deprivation of her property without regard to her well-settled constitutional rights to *Due Process* and to be free from unreasonable seizures.

2. Specifically, the defendants have deprived the plaintiff of her rights, secured by the Fourteenth Amendment to the United States Constitution, to be free from State deprivations of property without *Due Process* of law, and her right, secured by the Fourth Amendment to the United States Constitution, to be free from unreasonable seizures.

3. The defendants have seized a motor vehicle belonging to the plaintiff and refused to release it to the plaintiff, demanding that the plaintiff identify a person who had apparently been operating the plaintiff's vehicle sometime prior to its seizure by the police department.

4. The defendants have no basis for retaining continuing possession of the plaintiff's

vehicle, as there is no pending criminal case within which the vehicle is needed as evidence, and even if there were, the defendants have violated the plaintiff's constitutional rights by affording the plaintiff no pre-seizure or post-seizure hearing.

5. Despite not having any basis to continue to deprive the plaintiff of her automobile, the defendants refused to release the plaintiff's vehicle despite written demands for the release of same.

6. As a result of the foregoing, the defendants have deprived the plaintiff of her property without *Due Process* of law, and she is entitled to obtain redress pursuant to 42 U.S.C. §1983.

## II. Jurisdiction and Venue

7. This is a civil action seeking a declaratory judgment, injunctive relief, compensatory damages, costs, and attorneys' fees brought pursuant to 42 U.S.C. §§1983 and 1988, and 28 U.S.C. §§ 2201(a) and 2202, to redress deprivations, under color of law, of rights, privileges, and immunities guaranteed by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, brought by the owner of a motor vehicle that was seized and retained by the defendants

8. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §1331 and 42 U.S.C. §1983, in that this is a civil rights action arising under the Constitution and laws of the United States.

9. The plaintiff seeks declaratory relief, injunctive relief, and compensatory damages pursuant to 28 U.S.C. §§ 2201(a) and 2202.

10. The plaintiff seeks reasonable attorneys' fees as part of the costs authorized to

the prevailing party in an action pursuant to 42 U.S.C. §1983, predicated upon 42 U.S.C. §1988 and 42 U.S.C. §2000.

11. Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to the claim occurred within the City of New York.

## III. The Parties

12. Plaintiff CHEYENNE SAMU is an individual residing in Queens, New York.

13. Upon information and belief, the defendant, the City of New York, is a municipal corporation organized and operating under New York State law.

14. The New York City Police Department (hereinafter referred to as the NYC PD) is an Agency of the defendant City of New York.

15. Upon information and belief, at all relevant times described herein, defendant Mark A. Vazquez was an individual employed by the New York City Police Department as an Inspector, and as the Commanding Officer of the 75th Precinct of the New York City Police Department, with an actual place of employ at 1000 Sutter Avenue, Brooklyn, New York, 11208.

16. Upon information and belief, at all relevant times described herein, defendant Officer Rashawn Williams was and remains an individual employed by the New York City Police Department, as an officer and/or detective of the New York City Police Department, with an actual place of employ at 1000 Sutter Avenue, Brooklyn, New York, 11208.

## IV. **Preliminary Facts**

17. At all relevant times described herein, the plaintiff, CHEYENNE SAMU, was, and remains, the owner of a Toyota Camary automobile bearing Vehicle Identification Number 4T1C11AK1MU590798.

18. On or about June 26, 2024, the defendants seized the plaintiff's vehicle, which was taken to the 75th Precinct of the NYC PD, which was, and is, located at 1000 Sutter Avenue, Brooklyn, New York, 11208

19. Plaintiff had loaned the Vehicle to her friend to help him move her property, and the friend subsequently returned the Vehicle upon her completion of the move.

20. Soon thereafter, while the Vehicle was parked outside her residence, the Police seized the Plaintiff's vehicle stating that it was used in a hit and run.

21. The plaintiff demanded the release of her vehicle back to her, but defendant Officer advised the plaintiff that the Police Department would not release her vehicle to her unless and until she told them who was operating the Vehicle in the alleged hit and run.

22. Such statement by defendant Officer John Doe apparently meant that the defendants wanted the plaintiff to tell whoever had been operating the plaintiff's vehicle before its seizure by the police department to "*turn [themselves] in to the police department*" to face whatever offenses the police department is seeking to charge against such individual.

23. When the Plaintiff could not comply and identify the suspect in the alleged hit and run, the Officers effected the seizure and removed the Vehicle.

24. While the plaintiff had granted permission to a third person to operate her vehicle prior to the time it was seized by the NYC PD, the plaintiff was not present during the time it

was borrowed, and as such, the plaintiff has no personal knowledge of who it is that the NYC PD wants to "turn themselves in."

25. Nonetheless, even if the plaintiff did have personal knowledge of the person the police were "looking for,' it is a blatant violation of the plaintiff's constitutional rights to withhold her motor vehicle for no reason other than to "extort" information from the plaintiff, or to extort the plaintiff into taking affirmative actions which the police department want her to undertake.

26. On or about July 9, 2024, the plaintiff emailed went to the property release of the Kings County District Attorney's Office and requested the release of her motor vehicle.

27. In emailing with Miriam Cuascut, a paralegal from the Kings County District Attorney's Office, Plaintiff received a response stating that she needed the arrest number and an invoice (Attached as Exhibit "A"). *See email attached hereto as Exhibit "B."*

28. After being told to wait a few days for an Assistant District Attorney would reach out to her, she still does not have possession of her vehicle.

29. Under the circumstances, the plaintiff retained counsel to demand that the defendants release her vehicle.

30. As is clearly-established law of which any commanding officer of a NYC PD precinct would be aware, as well as any Assistant District Attorney, under the constraints of the 14th Amendment to the United States Constitution, the defendants are required to afford vehicle owners, inclusive of the plaintiff, *Due Process*, before effectuating a *continuing deprivation* of their vehicles.

31. As the U.S. Court of Appeals for the Second Circuit has explicitly ruled, to

comport with the constraints of the *Due Process Clause* of the 14th Amendment, a municipality that seizes and seeks to retain possession of a motor vehicle under a seizure program must: (a) provide the owner of such vehicle with a prompt "retention hearing" (b) which must be conducted by a "neutral hearing officer." Krimstock v. Kelly, 306 F.3d 40 (2d Cir.2002).

32. As is also clearly-established law, the same hearing requirements apply to cases within which a police department seeks to retain continuing possession of a motor vehicle for use as evidence in a criminal proceeding.

33. In the absence of meeting such burdens at a retention hearing, the *Due Process Clause* of the 14th Amendment requires the municipality to release the respective vehicle back to its owner.

34. Having seized and continued to deprive the plaintiff of the use and possession of her motor vehicle while having afforded her no pre-seizure or post-seizure hearing, the defendants have deprived the plaintiff of her property without *Due Process* of law in violation of the plaintiff's U.S. Constitutional rights.

## CLAIM FOR RELIEF

### COUNT ONE

### *DUE PROCESS* CLAIMS UNDER THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION

(Procedural *Due Process* - 42 U.S.C. §1983)

35. The plaintiff repeats and reiterates the allegations set forth within paragraphs "1" through "34" herein above, with the same force and effect as if fully set forth at length herein.

36. At all times described herein, the plaintiff possessed the clearly-established property rights, under New York State Law, to purchase, own, use, and possess her motor vehicle without unlawful deprivation of her use or possession and without unlawful and arbitrary interference and deprivation from the defendants.

37. As described above, the defendants herein have deprived, and continue to deprive, the plaintiff of her property rights in using and possessing her motor vehicle without *Due Process* of law.

38. The defendants effectuated such deprivation by creating and applying policies, practices, and procedures pursuant to which the defendants have been permitted to retain continuous possession of the plaintiff's motor vehicle and deprived her of the use and possession of same.

39. The defendants applied such Constitutionally infirm practices, notwithstanding of the *Due Process Clause* and the Second Circuit's holding in Krimstock.

40. In effectuating the deprivation of the plaintiff's right to use and possess her motor vehicle, the defendants violated the plaintiff's right to procedural *Due Process* as guaranteed under the Fourteenth Amendment of the United States Constitution. As such, the defendants are liable to the plaintiff pursuant to 42 U.S.C. § 1983.

41. As a result of the aforesaid defendants' violation of the plaintiff's procedural *Due Process* rights, the plaintiff has been damaged by being unable to use and enjoy her property and by being unlawfully deprived of her vehicle, and she is therefore entitled to obtain damages equal to her vehicle's fair market rental value for the entire period of such deprivation.

42. Under federal law, the plaintiff is entitled to an order directing the defendants to

release the plaintiff's vehicle to the plaintiff immediately.

43. Under New York substantive law, the plaintiff is entitled to damages equal to the fair market rental value of her vehicle for the entire period during which the defendant deprived her of its use without having afforded her *Due Process.* Kuwait Airways Corporation v. Ogden Allied Aviation Services, 726 F.Supp. 1389 (E.D.N.Y.1989), MCI Worldcom Network Services v. Pecrete Construction Inc., 2006 WL 559664 (S.D.N.Y. 2006), Mountain View Coach Lines Inc. v. Storms, 102 A.D.2d 663, 476 NYS2d 918 (2nd Dept. 1984), Sellari v. Palermo, 188 Misc. 1057, 70 NYS2d 554 (1947) Naughton Mulgrew Motor Car Co. v. Westchester Car Co. 105 Misc. 595, 173 NYS 437 (1919).

44. All of the injuries described herein above were actually and proximately caused by the acts of the defendants, and their agents, as described herein.

**Monell Liability**

45. As set forth herein above, the Commanding Officer of the 75th Precinct, Inspector Mark A. Vazquez was made affirmatively aware that the plaintiff's vehicle was being retained without lawful basis, and that "the policy" being carried out by the precinct was that detectives were authorized to unilaterally choose to release or retain the plaintiff's motion vehicle, despite the fact that there was no lawful basis for retaining the same.

46. The Commanding Officer's failure and/or refusal to investigate or address such blatant constitutional violation constituted his constructive acquiescence to the same by the senior policy-making official of the Precinct. *See* Soriucco v. New York City Police Department, 971 F2d. 864 (2d Cir. 1992).

47. Contemporaneously, the NYC PD has failed to train and/or properly supervise its Detectives and Officers as to the clearly-established requirements of Krimstock and its progeny.

48. It is beyond clearly-established law that police departments cannot seize motor vehicles and to thereafter deprive their owners of the use and possession of their motor vehicles without affording them a hearing, given the multitude of decisions handed down by the United States Court of Appeals for the Second Circuit, each of which unequivocally states the same.

49. Notwithstanding same, both the Commanding Officer of the 75th Precinct and at least one detective under his command were not trained and/or were not supervised to understand that they could not retain continuing possession of the plaintiff's motor vehicle for no purpose other than to try to "force" the plaintiff to induce a third party to "turn themselves in" to face whatever charges they wanted to charge against such person.

50. Such failures to train and/or supervise were clearly not inadvertent but were, in fact, deliberate in that the final decision-maker of the precinct was well aware of the *Due Process* violations being carried out by the Detective(s) under his command. Such final decision maker deliberately, willfully and knowingly failed and refused to intervene and/or correct such ongoing violation of the plaintiff's rights or to provide proper training to the NYC PD employees under his command and supervision to bring an end to such ongoing unconstitutional actions.

51. Such failures to train and/or supervise have caused the plaintiff to be deprived of using and possessing her motor vehicle, without *Due Process* of law, in violation of her U.S. Constitutional rights.

52. Because the actions described herein, and the resultant injuries sustained by the plaintiff was undertaken pursuant to policies, customs, and practices maintained by the

defendants and the final decision-maker of the 75th Precinct of the NYC PD, the NYC PD, and the other defendants are "persons" liable to the plaintiff under 42 U.S.C. §1983.

**COUNT II**

***DUE PROCESS* CLAIMS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION**

(Substantive *Due Process* - 42 U.S.C. §1983)

53. The plaintiff repeats and reiterates the allegations set forth within paragraphs "1" through "52" herein above, with the same force and effect as if fully set forth at length herein.

54. At all times described herein, the plaintiff was vested of constitutionally protected property rights in the use and possession of her motor vehicle.

55. As detailed herein above, the defendants arbitrarily, capriciously, and deliberately deprived the plaintiff of such property rights, and engaged in a pattern of conduct that was oppressive in a constitutional sense, in violation of the plaintiff's rights to substantive due process, as guaranteed to the plaintiff under the Fourteenth Amendment of the United States Constitution.

56. More specifically, the defendants refused to release the plaintiff's motor vehicle for the sole purpose of seeking to "extort" the plaintiff into taking action desired by the police department and, more specifically, to force the plaintiff to induce a third party to surrender themselves to the defendants, to be prosecuted for one or more offenses with which the defendants wished to charge that individual.

57. All of the injuries described herein above were actually and proximately caused

by the acts of the defendant described herein.

58. The aforesaid defendant's violation of the plaintiff's *Due Process* rights was made under color of state law, which constitutes "state action" under 42 U.S.C. § 1983.

59. Having violated the plaintiff's Constitutionally protected rights deliberately, and concomitantly having caused the plaintiff to sustain monetary damages as a result thereof, the defendant is liable to the plaintiff, and the plaintiff is entitled to secure relief against the defendant, pursuant to 42 U.S.C. §1983.

## COUNT THREE

## DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

60. The plaintiff repeats and reiterates the allegations set forth within paragraphs "1" through "59" herein above, with the same force and effect as if fully set forth at length herein.

61. As described herein above, the defendants have violated and continue to violate the plaintiff's constitutional right to *Due Process* by depriving the plaintiff of the use and possession of her motor vehicle without *Due Process*.

62. The defendants have continued, and continue such ongoing deprivations, despite the fact that no reasonable Police Officer, Detective, or Inspector could reasonably believe that they could retain continuing possession of the plaintiff's vehicle while violating the constraints of the *Due Process Clause* of the 14th Amendment as were laid bare within Krimstock and its progeny.

63. Despite the same, the defendants: (a) ongoing refusal and failure to comply with the dictates of Krimstock, (b) continuing refusal to release the plaintiff's motor vehicle continues

at present, and (c) continuing violation of the plaintiff's rights, persist to date.

64. As such, there is an actual controversy over which this Court possesses jurisdiction.

65. In view of the foregoing, the plaintiff seeks (a) a declaratory judgment, adjudging that such practices on the part of the defendants are unconstitutional, that the continuing deprivation of the plaintiff's rights is unconstitutional, and (b) affirmative injunctive relief, in the form of a Court Order ordering the defendants to release the plaintiff's motor vehicle immediately.

## PRAYER FOR RELIEF

**WHEREFORE,** the plaintiff requests that the Court render judgment:

## COUNT ONE

### Procedural *Due Process* Claim

(a) Awarding the plaintiff compensatory damages against the defendants, jointly and severally, in the amount of $100,000 or such other amount proven at trial, for the loss of use and/or the opportunity for the use of her vehicle and for the cost to repair any damages sustained by the vehicle while it was in the exclusive possession of the defendants, in such amounts as the plaintiff establishes at the time of trial; and

(b) For an order directing the defendants to release the plaintiff's vehicle back to the plaintiff immediately; and

(c) For an award of punitive damages against defendants MARK A. VAZQUEZ individually and RASHAWN WILLIAMS individually; and

(d) For reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988(b); and

(e) For any and all expert fees incurred by the plaintiff, pursuant to 42 U.S.C. §1988(c); and

(f) For such other and further relief as this Court may deem just and proper.

**COUNT TWO**

**Substantive *Due Process* Claim**

(a) Awarding the plaintiff compensatory damages against the defendants, jointly and severally, in the amount of $100,000 or such other amount proven at trial, for the loss of use and/or the opportunity for the use of her vehicle and for the cost to repair any damages sustained by the vehicle while it was in the exclusive possession of the defendant, in such amounts as the plaintiff establishes at the time of trial; and

(b) For an order directing the defendants to release the plaintiff's vehicle back to the plaintiff immediately; and

(c) For an award of punitive damages against defendants MARK A. VAZQUEZ individually and RASAWHN WILLIAMS individually; and

(d) For reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988(b); and

(e) For any and all expert fees incurred by the plaintiff, pursuant to 42 U.S.C. §1988(c); and

(f) For such other and further relief as this Court may deem just and proper.

**COUNT THREE**

**Declaratory Judgment and Injunctive Relief**

(a) Adjudging and declaring that the defendants' practices described herein above are violative of the *Due Process Clause* of the 14th Amendment, and

(b) Enjoining the defendants from continuing to maintain such constitutionally infirm practices, and

(c) For reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988(b); and

(d) For any and all expert fees incurred by the plaintiff, pursuant to 42 U.S.C. §1988(c); and

(e) For such other and further relief as this Court may deem just and proper.

Dated: Merrick, New York
February 14, 2025

Yours etc.,

Campanelli & Associates, P.C.

By: /s/ Andrew J. Campanelli
Andrew J. Campanelli
Attorneys for Plaintiff
1757 Merrick Avenue, Suite 204
Merrick, New York 11566