UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CHEYENNE SAMU,

                          Plaintiff,

      - against -                                   **AMENDED COMPLAINT**

THE CITY OF NEW YORK,
MARK A. VAZQUEZ Individually,              **Jury Trial Demanded**
RASHAWN WILLIAMS, Individually

                          Defendants.
-------------------------------------------------------------------X

       Plaintiff CHEYENNE SAMU, by her attorneys, CAMPANELLI & ASSOCIATES, P.C., as and for her complaint, respectfully alleges as follows:

### I.    Introduction

1. The plaintiff, Cheyenne Samu, brings this action to seek redress for the deprivation of her property without regard to her well-settled constitutional rights to *Due Process* and to be free from unreasonable seizures.

2. Specifically, the defendants have deprived the plaintiff of her rights, secured by the Fourteenth Amendment to the United States Constitution, to be free from State deprivations of property without *Due Process* of law, and her right, secured by the Fourth Amendment to the United States Constitution, to be free from unreasonable seizures.

3. The defendants had seized a motor vehicle belonging to the plaintiff and refused to release it to the plaintiff, claiming the vehicle was evidence in a criminal case.

4. The defendants had no basis for retaining continued possession of the plaintiff's vehicle, as the defendants violated the plaintiff's constitutional rights by affording the plaintiff

no pre-seizure or post-seizure hearing.

5. Despite not having any basis to deprive the plaintiff of her automobile, the defendants refused to release the plaintiff's vehicle for roughly eleven months despite demands for the release of same.

6. As a result of the foregoing, the defendants deprived the plaintiff of her property without *Due Process* of law, and she is entitled to obtain redress pursuant to 42 U.S.C. §1983.

## II. Jurisdiction and Venue

7. This is a civil action seeking compensatory damages, costs, and attorneys' fees brought pursuant to 42 U.S.C. §§1983 and 1988, and 28 U.S.C. §§ 2201(a) and 2202, to redress deprivations, under color of law, of rights, privileges, and immunities guaranteed by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, brought by the owner of a motor vehicle that was seized and retained by the defendants.

8. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §1331 and 42 U.S.C. §1983, in that this is a civil rights action arising under the Constitution and laws of the United States.

9. The plaintiff seeks compensatory damages pursuant to 28 U.S.C. §§ 2201(a) and 2202.

10. The plaintiff seeks reasonable attorneys' fees as part of the costs authorized to the prevailing party in an action pursuant to 42 U.S.C. §1983, predicated upon 42 U.S.C. §1988 and 42 U.S.C. §2000.

11. Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to the claim occurred

within the City of New York.

### III. The Parties

12. Plaintiff CHEYENNE SAMU is an individual residing in Queens, New York.

13. Upon information and belief, the defendant, the City of New York, is a municipal corporation organized and operating under New York State law.

14. Upon information and belief, at all relevant times described herein, defendant Mark A. Vazquez was an individual employed by the New York City Police Department as an Inspector, and as the Commanding Officer of the 75th Precinct of the New York City Police Department, with an actual place of employ at 1000 Sutter Avenue, Brooklyn, New York, 11208.

15. Upon information and belief, at all relevant times described herein, defendant Officer Rashawn Williams was and remains an individual employed by the New York City Police Department, as an officer and/or detective of the New York City Police Department, with an actual place of employ at 1000 Sutter Avenue, Brooklyn, New York, 11208.

### IV. Preliminary Facts

16. At all relevant times described herein, the plaintiff, CHEYENNE SAMU, was, and remains, the owner of a 2021 Toyota Camary automobile bearing Vehicle Identification Number 4T1C11AK1MU590798.

17. On or about June 26, 2024, the defendants seized the plaintiff's vehicle, which was taken to the 75th Precinct of the New York City Police Department, which was, and is, located at 1000 Sutter Avenue, Brooklyn, New York, 11208

18. Plaintiff had loaned the Vehicle to her friend, and the friend subsequently was

arrested while in possession of the vehicle.

19. The friend had left the vehicle double parked on the side of the street while he exited the vehicle to walk his dog.

20. The police noticed the vehicle double parked and upon the friend's return to the vehicle, asked the friend to produce identification.

21. When the friend was unable to produce identification, the police subsequently searched the vehicle and recovered weapons.

22. The police then arrested said friend and seized the vehicle without any notice to the plaintiff.

23. On or about July 9, 2024, the plaintiff emailed and went to the property release of the Kings County District Attorney's Office and requested the release of her motor vehicle.

24. In emailing with Miriam Cuascut, a paralegal from the Kings County District Attorney's Office, Plaintiff received a response stating that she needed the arrest number and an invoice (Attached as Exhibit "A"). *See email attached hereto as Exhibit "B."*

25. After being told to wait a few days for an Assistant District Attorney to reach out to her, she still did not gain possession of her vehicle.

26. In fact, the vehicle was not returned to Ms. Samu until May 22, 2025.

27. Under the circumstances, prior to the release of the vehicle, the plaintiff retained counsel to demand that the defendants release her vehicle and to seek damages for the period of time she was deprived of her property without due process.

28. As is clearly-established law of which any commanding officer of a NYC PD precinct would be aware, as well as any Assistant District Attorney, under the constraints of the

14th Amendment to the United States Constitution, the defendants are required to afford vehicle owners, inclusive of the plaintiff, *Due Process*, before effectuating a *continuing deprivation* of their vehicles.

29.     As the U.S. Court of Appeals for the Second Circuit has explicitly ruled, to comport with the constraints of the *Due Process Clause* of the 14th Amendment, a municipality that seizes and seeks to retain possession of a motor vehicle under a seizure program must: (a) provide the owner of such vehicle with a prompt "retention hearing" (b) which must be conducted by a "neutral hearing officer." Krimstock v. Kelly, 306 F.3d 40 (2d Cir.2002).

30.     As is also clearly-established law, the same hearing requirements apply to cases within which a police department seeks to retain continuing possession of a motor vehicle for use as evidence in a criminal proceeding.

31.     In the absence of meeting such burdens at a retention hearing, the *Due Process Clause* of the 14th Amendment requires the municipality to release the respective vehicle back to its owner.

32.     Having seized and deprived the plaintiff of the use and possession of her motor vehicle while having afforded her no pre-seizure or post-seizure hearing, the defendants have deprived the plaintiff of her property without *Due Process* of law in violation of the plaintiff's U.S. Constitutional rights.

### CLAIMS FOR RELIEF

### COUNT ONE

### *DUE PROCESS* CLAIMS UNDER THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION

(Procedural *Due Process* - 42 U.S.C. §1983)

33. The plaintiff repeats and reiterates the allegations set forth within paragraphs "1" through "32" herein above, with the same force and effect as if fully set forth at length herein.

34. At all times described herein, the plaintiff possessed the clearly-established property rights, under New York State Law, to purchase, own, use, and possess her motor vehicle without unlawful deprivation of her use or possession and without unlawful and arbitrary interference and deprivation from the defendants.

35. As described above, the defendants herein have deprived the plaintiff of her property rights in using and possessing her motor vehicle without *Due Process* of law.

36. The defendants effectuated such deprivation by creating and applying policies, practices, and procedures pursuant to which the defendants were permitted to retain continuous possession of the plaintiff's motor vehicle and deprive her of the use and possession of same.

37. The defendants applied such Constitutionally infirm practices, notwithstanding of the *Due Process Clause* and the Second Circuit's holding in <u>Krimstock</u>.

38. In effectuating the deprivation of the plaintiff's right to use and possess her motor vehicle, the defendants violated the plaintiff's right to procedural *Due Process* as guaranteed under the Fourteenth Amendment of the United States Constitution. As such, the defendants are liable to the plaintiff pursuant to 42 U.S.C. § 1983.

39. As a result of the aforesaid defendants' violation of the plaintiff's procedural *Due Process* rights, the plaintiff has been damaged by being unable to use and enjoy her property and by being unlawfully deprived of her vehicle, and she is therefore entitled to obtain damages equal to her vehicle's fair market rental value for the entire period of such deprivation.

40. Under New York substantive law, the plaintiff is entitled to damages equal to the fair market rental value of her vehicle for the entire period during which the defendant deprived her of its use without having afforded her *Due Process*. Kuwait Airways Corporation v. Ogden Allied Aviation Services, 726 F.Supp. 1389 (E.D.N.Y.1989), MCI Worldcom Network Services v. Pecrete Construction Inc., 2006 WL 559664 (S.D.N.Y. 2006), Mountain View Coach Lines Inc. v. Storms, 102 A.D.2d 663, 476 NYS2d 918 (2nd Dept. 1984), Sellari v. Palermo, 188 Misc. 1057, 70 NYS2d 554 (1947) Naughton Mulgrew Motor Car Co. v. Westchester Car Co. 105 Misc. 595, 173 NYS 437 (1919).

41. All of the injuries described herein above were actually and proximately caused by the acts of the defendants, and their agents, as described herein.

## Monell Liability

42. As set forth herein above, the Commanding Officer of the 75th Precinct, Inspector Mark A. Vazquez was made affirmatively aware that the plaintiff's vehicle was being retained without lawful basis, and that "the policy" being carried out by the precinct was that detectives were authorized to unilaterally choose to release or retain the plaintiff's motion vehicle, despite the fact that there was no lawful basis for retaining the same.

43. The Commanding Officer's failure and/or refusal to investigate or address such blatant constitutional violation constituted his constructive acquiescence to the same by the senior policy-making official of the Precinct. *See* Soriucco v. New York City Police Department, 971 F2d. 864 (2d Cir. 1992).

44. Contemporaneously, the New York City Police Department has failed to train

and/or properly supervise its Detectives and Officers as to the clearly-established requirements of Krimstock and its progeny.

45. It is beyond clearly-established law that police departments cannot seize motor vehicles and to thereafter deprive their owners of the use and possession of their motor vehicles without affording them a hearing, given the multitude of decisions handed down by the United States Court of Appeals for the Second Circuit, each of which unequivocally states the same.

46. Such failures to train and/or supervise were clearly not inadvertent but were, in fact, deliberate in that the final decision-maker of the precinct was well aware of the *Due Process* violations being carried out by the Detective(s) under his command. Such final decision maker deliberately, willfully and knowingly failed and refused to intervene and/or correct such ongoing violation of the plaintiff's rights or to provide proper training to the New York City Police Department employees under his command and supervision to bring an end to such ongoing unconstitutional actions.

47. Such failures to train and/or supervise have caused the plaintiff to be deprived of use and possession of her motor vehicle, without *Due Process* of law, in violation of her U.S. Constitutional rights.

48. Because the actions described herein, and the resultant injuries sustained by the plaintiff was undertaken pursuant to policies, customs, and practices maintained by the defendants and the final decision-maker of the 75th Precinct of the New York City Police Department, the defendants are "persons" liable to the plaintiff under 42 U.S.C. §1983.

## COUNT TWO

## *DUE PROCESS* CLAIMS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION

(Substantive *Due Process* - 42 U.S.C. §1983)

49. The plaintiff repeats and reiterates the allegations set forth within paragraphs "1" through "48" herein above, with the same force and effect as if fully set forth at length herein.

50. At all times described herein, the plaintiff was vested of constitutionally protected property rights in the use and possession of her motor vehicle.

51. As detailed herein above, the defendants arbitrarily, capriciously, and deliberately deprived the plaintiff of such property rights, and engaged in a pattern of conduct that was oppressive in a constitutional sense, in violation of the plaintiff's rights to substantive due process, as guaranteed to the plaintiff under the Fourteenth Amendment of the United States Constitution.

52. All of the injuries described herein above were actually and proximately caused by the acts of the defendant described herein.

53. The aforesaid defendant's violation of the plaintiff's *Due Process* rights was made under color of state law, which constitutes "state action" under 42 U.S.C. § 1983.

54. Having violated the plaintiff's Constitutionally protected rights deliberately, and concomitantly having caused the plaintiff to sustain monetary damages as a result thereof, the defendant is liable to the plaintiff, and the plaintiff is entitled to secure relief against the defendant, pursuant to 42 U.S.C. §1983.

## PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff requests that the Court render judgment:

### COUNT ONE
### Procedural *Due Process* Claim

(a)   Awarding the plaintiff compensatory damages against the defendants, jointly and severally, in the amount of $100,000 or such other amount proven at trial, for the loss of use and/or the opportunity for the use of her vehicle and for the cost to repair any damages sustained by the vehicle while it was in the exclusive possession of the defendants, in such amounts as the plaintiff establishes at the time of trial; and

(b)   For an order directing the defendants to release the plaintiff's vehicle back to the plaintiff immediately; and

(c)   For an award of punitive damages against defendants MARK A. VAZQUEZ individually and RASHAWN WILLIAMS individually; and

(d)   For reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988(b); and

(e)   For any and all expert fees incurred by the plaintiff, pursuant to 42 U.S.C. §1988(c); and

(f)   For such other and further relief as this Court may deem just and proper.

## COUNT TWO

### Substantive *Due Process* Claim

(a) Awarding the plaintiff compensatory damages against the defendants, jointly and severally, in the amount of $100,000 or such other amount proven at trial, for the loss of use and/or the opportunity for the use of her vehicle and for the cost to repair any damages sustained by the vehicle while it was in the exclusive possession of the defendant, in such amounts as the plaintiff establishes at the time of trial; and

(b) For an order directing the defendants to release the plaintiff's vehicle back to the plaintiff immediately; and

(c) For an award of punitive damages against defendants MARK A. VAZQUEZ individually and RASAWHN WILLIAMS individually; and

(d) For reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988(b); and

(e) For any and all expert fees incurred by the plaintiff, pursuant to 42 U.S.C. §1988(c); and

(f) For such other and further relief as this Court may deem just and proper.

Dated: Merrick, New York
June 17, 2025

        Yours etc.,

        Campanelli & Associates, P.C.

        By: /s/ Andrew J. Campanelli
            Andrew J. Campanelli
            Attorneys for Plaintiff
            1757 Merrick Avenue, Suite 204
            Merrick, New York 11566